UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

PABLO OQUENDO,

Debtor.
----------------------------------------------------------x

CASE NO. 14-41986

CHAPTER 13

PABLO OQUENDO,

Plaintiff,

v.

72634552 CORP., 183 LAFAYETTE AVE. LLC,
& LUCELENIA REYNOSO,

Defendants.

----------------------------------------------------------x

ADV. PRO. NO. 14-

**COMPLAINT**

Pablo Oquendo (the "Plaintiff"), by and through his attorneys Ortiz & Ortiz, L.L.P., as and for his complaint against 72634552 Corp. ("Investor"), 183 Lafayette Ave., LLC ("183 Lafayette" or "LLC"), and Lucelenia Reynoso ("Reynoso", together with Investor and 183 Lafayette, the "Defendants"), hereby alleges as follows upon information and belief:

**NATURE OF THE ACTION**

1. This is an action for fraud against the Plaintiff by the Defendants, for breach of fiduciary duties by Reynoso, and to recover certain real property located at 183 Lafayette Avenue, Brooklyn, New York (the "Property).

## JURISDICTION AND VENUE

2. This is a core proceeding under 28 U.S.C. §§ 157(2)(a) and(h) and 1334.

3. The statutory predicate for this action is 11 U.S.C. § 157 and 1334.

4. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

5. The Plaintiff filed a voluntary Chapter 13 petition with the Court on April 22, 2014 (the "Petition Date").

6. The Plaintiff is an individual residing in the Property. He has resided in the Property for over 40 years with his wife, Luz Oquendo. The Plaintiff is approximately 83 years old, is in ill health, and is partially blind. The Plaintiff is of limited economic means, and subsists on social security income.

7. Upon information and belief, the Investor is a New York corporation with an office located at 22 Dutch Glen Drive, Nanuet, New York 10954. The Investor currently holds title to the Property after 183 Lafayette transferred the Property to the Investor on or about August 28, 2013, and recorded the deed to the Property in the City Register on September 17, 2013.

8. Upon information and belief, 183 Lafayette Ave, LLC is a New York limited liability company located in Brooklyn, New York, with a mailing address of 13 Green Avenue, Brooklyn, New York 11238. Reynoso transferred the Property to 183 Lafayette on or about March 21, 2013, and recorded the deed in the City Register on September 17, 2013. Reynoso transferred title to the Property from LLC for no consideration.

9. Upon information and belief, Reynoso is an individual residing at 742 East 3rd Street, Apt. 1B, Brooklyn, New York 11218. She is the Plaintiff's oldest child and a member and or officer of LLC.

**BACKGROUND**

10. In or about 1964, the Plaintiff and his wife (collectively, the "Couple") began renting the Property as their primary residence and family home. The Couple raised their nine children in the Property.

11. On or about January 18, 1979, the Plaintiff bought the Property from his landlord. The Plaintiff paid the full purchase price for the Property, but placed title to the Property In Reynoso's name. The Plaintiff does not have an interest in any asset of value, other than the Property.

12. Reynoso has not paid for the carrying costs of the Property since 1979.

13. In 1979, the Plaintiff relied on Reynoso to acquire the Property because, among other things, neither he nor his wife spoke English well and received very little schooling. The Plaintiff has a third grade education. Spanish is the Couple's first language.

14. The Plaintiff intended to place the Property in the name of all of his children, while retaining an interest in the Property until the Couple's death. However, since Reynoso was the oldest child, and was of majority age, she was the only child that attended the closing. As a result, the Property was placed solely in Reynoso’s name.

15. The Plaintiff and Reynoso agreed to transfer the Property to all of the Plaintiff’s children at a later date.

16. The Couple has continued to use the Property as their family home until the present day. Two adult children still reside with the Couple.

17. Reynoso paid no consideration for the Property, and has not paid the costs or expenses associated with the Property since 1979. She has not lived in the Property for over 30 years.

18. Reynoso agreed to hold title to the Property solely as a nominee and for the benefit of the Couple and all of her siblings.

19. The Plaintiff and his family trusted Reynoso to transfer the Property at a later date, as agreed. However, Reynoso betrayed their trust by secretly transferring the Property to a limited liability company she formed, called 183 Lafayette LLC, in or about March 2013. This transfer was not recorded in the City Register until September 17, 2013, at 5:20:43 p.m..

20. Reynoso did not inform the Plaintiff or any of her siblings that she transferred the deed to the LLC.

21. On March 24, 2013, three days after Reynoso transferred the property to the LLC, the LLC signed a contract (the "March Contract of Sale") to sell the Property to the Investor for $600,000: a sales price that is one third of the appraised value of the Property.

22. Reynoso did not inform the Plaintiff or his wife that she transferred title to the LLC and that the LLC entered into the March Contract of Sale.

23. In the summer of 2013, the Plaintiff was served with a complaint seeking specific performance of the March Contract of Sale by the Investor (the "Supreme Court Action").

24. The Plaintiff, his wife, and his daughter Esperanza Oquendo provided the Plaintiff with a copy of the complaint filed in the Supreme Court Action (the "Complaint"). Reynoso assured them that she had not sold the Property and that she and her lawyer would take care of the Supreme Court Action.

25. The Plaintiff trusted his daughter, and did not retain counsel or participate in the Supreme Court Action.

26. In the Supreme Court Action, the Investor admitted in its pleading that it was aware that the occupants of the Property – the Couple, their son Carlos Oquendo, and their daughter

Esperanza Oquendo– claimed an ownership interest in the Property.

27. Upon information and belief, Reynoso and the Investor resolved the Supreme Court Action, and the LLC transferred title to the Property to the Investor on or about August 28, 2013. The deed was recorded on September 17, 2013, at 5:20:44 p.m. – one second after the March 2013 deed from Reynoso to the LLC was recorded.

28. The Investor commenced a holdover proceeding against Esperanza, Carlos, and the Parents before the Civil Court of the State of New York, Housing Part, County of Kings, under Index No. 95664/2013. The action is entitled "72634552 Corp. v. Carlos Oquendo, Esperanza Oquendo, Lizza Oquendo, Luz Oquendo, Maria Oquendo, et. al." (the " L & T Action").

29. After the sale, Reynoso admitted that she sold the Property and received $600,000.

30. The Investor took title to the Property with the knowledge of the Plaintiff's claim of ownership.

31. The State Court Action remains open on the state court docket. No final order has been entered by the state court. No adjudication of the merits of the state court action was conducted by the state court.

32. Upon information and belief, the Investor has listed the Property for sale for Two Million Eight Hundred Thousand Dollars ($2,900,000.00) with The Corcoran Group. The internet sales listing may be viewed at http://www.corcoran.com/nyc/listings/display/3317747.

**FIRST CAUSE OF ACTION FOR FRAUD (AS TO REYNOSO AND LLC)**

33. The Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Reynoso sold the Property to LLC, and caused LLC to sell the Property to the Investor, with the knowledge that she held bare legal title and served solely as the Plaintiff's

nominee.

35. The Plaintiff reasonably relied upon the false statements made by Reynoso and, as a result, did not oppose the State Court Action or take any other action to protect his interests in the Property before it was transferred to the Investor.

36. The Plaintiff has suffered damages as a result of his reliance upon Reynoso's misrepresentations of fact and conduct, and is on the verge of homelessness as a result of Reynoso's conduct.

37. Reynoso's actions were willful, intentional, knowing, and malicious.

38. By reason of the foregoing, the Plaintiff sustained damages as a result of Reynoso's fraudulent conduct in an amount to be determined at trial.

**SECOND CAUSE OF ACTION FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST ON THE PROPERTY AND THE SALES PROCEEDS**

39. The Plaintiff repeats and realleges paragraphs 1 through 38 if this Complaint as if fully set forth herein.

40. Reynoso and the Plaintiff had a confidential relationship by virtue of their familial relationship, and Reynoso's role in assisting the Plaintiff acquire the Property.

41. Reynoso promised to hold title to the Property for the benefit of the Plaintiff and the other immediate family members.

42. The Plaintiff transferred his interest in the Property to Reynoso in reliance on that promise.

44. Reynoso was unjustly enriched by her sale of the Property, through LLC, and her retention of the sales proceeds.

45. The Investor knew that the Plaintiff claimed an interest in the Property, and knew

Reynoso held bare legal title to the Property.

46. The Investor was unjustly enriched by paying substantially below market value of the Property, and attempting to profit from Reynoso's wrongful conduct.

47. It is just and equitable that the Court impress a constructive trust to attach to the res of the Plaintiff's Property and the proceeds thereof from the time Reynoso transferred the Property to the LLC and the LLC transferred the Property to the Investor.

48. No adequate remedy at law exists for the Plaintiff.

49. Defendants would be unjustly enriched if permitted to retain the Property and the proceeds of the sale of the Property, and any of the benefits accruing therefrom.

50. Each and every financial benefit or profit accruing to Defendants during the period of the trust should be disgorged and paid over together with prejudgment interest.

51. Permitting the Defendants to retain property belonging to the Plaintiff is unfair and unjust. In light of the totality of the circumstances, the Court should impose a constructive trust under equitable principles of New York law.

52. Plaintiff prays for an order impressing a constructive trust upon all holders and purchasers of Plaintiffs' property and their agents, past and present, and ordering that the Property, and any proceeds arising therefrom, be returned to the Plaintiff.

**THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT**
**(AS TO ALL DEFENDANTS)**

53. Plaintiff repeats and realleges paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. 183 Lafayette was unjustly enriched by its $600,000 sale of the Property. It paid no consideration for the Property knew it received title from a nominal title holder.

55. The Investor was unjustly enriched by obtaining title to the Property for less than a

third of its fair market value.

56. The Investor is not a bona fide purchaser for value because it obtained title with full knowledge of the Plaintiff's claim to ownership.

57. As a result of Defendants' unlawful actions, Defendants have been unjustly enriched at the expense of the Plaintiff in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**
**(AS TO REYNOSO ONLY)**

58. Plaintiff repeats and realleges paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Due to the close familial relationship between Plaintiff and Reynoso, her higher education level and English-speaking ability, and her promise to hold the Property as nominee for the benefit of the family, Reynoso owed a fiduciary duty of loyalty to Plaintiff not to misappropriate the Property for Reynoso's own benefit.

60. By unlawfully misappropriating the Plaintiff's sole asset – the Property – for Reynoso's own benefit and the benefit of the other Defendants, Reynoso committed misconduct and breached the fiduciary duty she owed to Plaintiff.

61. As a result of Reynoso's breach of her fiduciary duty to Plaintiff, Plaintiff has sustained damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION FOR DECLATORY JUDGMENT**

62. Plaintiff repeats and realleges paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Plaintiff is the owner of the Property, which was wrongfully sold by Reynoso and LLC.

64. Accordingly, Plaintiff is entitled to a return of the Property, or the proceeds of the

sale of the Property to the Investor, along with any difference between the market value of the Property and the proceeds of the sale.

65. By reason of the foregoing, the Plaintiff has sustained damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**
**(AS TO REYNOSO AND LLC ONLY)**

66. Plaintiff repeats and realleges paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. At all relevant times, Reynoso was a fiduciary of the Debtor.

68. Reynoso created, owned, and controlled LLC. LLC was merely a shell corporation created to take title of the Property from Reynoso.

69. Reynoso and LLC should be required to account to Plaintiff for any and all moneys obtained by them as a result of the sale of the Property.

70. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

(a) An accounting for any and all moneys obtained by Defendants which were rightfully the property of the Plaintiff;

(b) Judgment in an amount to be determined at trial, including compensatory and punitive damages;

(c) Pre- and post-judgment interest, to the fullest extent assessable at law or in equity, on all amount of damages;

(d) A declaration that Plaintiff is the rightful owner of the Property;

(e) Damages for the injuries sustained as a result of Defendants' wrongful conduct;

(f) An order requiring the Investor return the Property to Plaintiff;

(g) Reasonable attorneys' fees, costs, and expenses;

(h) Creation of a constructive trust to attach to the res of the Property, and

(i) Such other further relief as the Court may deem just and proper.

Date: Sept. 15, 2014
Queens, New York

*/s/Norma E. Ortiz*
Norma E. Ortiz
ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
*Attorneys for Plaintiff*